**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUN 10 2022**

Judge Robert M. Dow, Jr.
United States District Court

UNITED STATES OF AMERICA

v.

DERRICK CLAIBORNE

No. 19 CR 392

Judge Robert M. Dow Jr.

## PLEA AGREEMENT

1.  This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant DERRICK CLAIBORNE, and his attorneys, JAMES G. VANZANT and ANDREW D. FINKE, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.  The superseding indictment in this case charges defendant with possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) (Count One); being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c) (Count Three).

3.  Defendant has read the charges against him contained in the superseding indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the superseding indictment: Count One, which charges him with possession with intent to distribute a controlled substance, namely 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperindinyl] propanamide), a Schedule II Controlled Substance, and a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1); and Count Two, which charges defendant with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

6. Defendant understands and acknowledges that his plea of guilty to Counts One and Two of the Superseding Indictment will not fully resolve the case against him and that the government will continue to pursue the charge contained in Count Three of the Superseding Indictment after entry of defendant's plea.

## Factual Basis

7. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One and Two of the superseding indictment. In pleading guilty,

defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

  a. With respect to Count One of the superseding indictment:

On or about November 28, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, defendant did knowingly and intentionally possess with intent to distribute a controlled substance, namely 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperindinyl] propanamide), a Schedule II Controlled Substance, and a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

  b. With respect to Count Two of the superseding indictment:

On or about November 28, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, defendant, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, namely an Israel Weapon Industries Desert Eagle .50 caliber pistol, bearing serial number 43201711, a loaded Glock 22 .40 caliber pistol, bearing serial number BRS733US, and a loaded Glock 22 .40 caliber pistol, bearing serial number WHT808, which firearm had traveled in interstate and foreign commerce prior to defendant's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(1).

Specifically, on November 28, 2018, defendant was in his apartment, which was located at 1255 South Michigan Avenue, 40th Floor, Suite PH20, Chicago, Illinois. In that residence on that date, defendant possessed 400 grams or more of a mixture and substance containing a detectable amount of heroin and fentanyl, which he stored in the laundry room and hallway closet, portions of which were packaged for distribution. Near these narcotics, defendant stored three blenders, respirator masks, and a scale. Defendant knowingly possessed the controlled substances described above and intended to distribute them to others.

In addition, defendant possessed three firearms in his apartment. More specifically, in a backpack which contained approximately $31,950 in U.S. Currency, defendant stored a loaded Israel Weapon Industries Desert Eagle, .50 caliber pistol, bearing serial number 43201711, and a Glock 22, .40 caliber pistol, bearing serial number BRS733US with a partially loaded drum magazine that could accept more than 15 rounds of ammunition. Elsewhere in the apartment, defendant stored a loaded Glock 22, .40 caliber pistol, bearing serial number WHT808.

Defendant acknowledges that the Israel Weapon Industries Desert Eagle, .50 caliber pistol, bearing serial number 43201711, was manufactured in Israel; that the Glock 22, .40 caliber pistol, bearing serial number BRS733US, was manufactured in Austria; that the Glock 22, .40 caliber pistol, bearing serial number WHT808, was manufactured in Austria; and, therefore, that all three firearms travelled in interstate and foreign commerce prior to November 28, 2018. Defendant also admits

4

that, at the time he possessed the firearms, defendant knew that he had been convicted of at least one crime punishable by a term of imprisonment exceeding one year, as further described in ¶(9)(c) below.

### Maximum Statutory Penalties

8. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

   a. Count One carries a maximum sentence of life imprisonment and a statutory mandatory minimum sentence of ten years' imprisonment. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation on this count. Count One carries a maximum fine of $10,000,000. Defendant understands that with respect to Count One, the Court must impose a term of supervised release of at least five years and up to any number of years, including life.

   b. Count Two carries a maximum sentence of 10 years' imprisonment and a maximum fine of $250,000. Defendant further understands that the Court also may impose a term of supervised release of not more than three years on Count Two.

   c. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pleaded guilty, in addition to any other penalty imposed.

5

  d. Therefore, under the counts to which defendant is pleading guilty, the mandatory minimum sentence is 10 years' imprisonment, and the total maximum sentence is life imprisonment. In addition, defendant is subject to a total maximum fine of $10,250,000, a period of supervised release, and special assessments totaling $200. Defendant understands and acknowledges that, if convicted of Count Three, he would be subject to additional penalties.

### Sentencing Guidelines

  9. Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

## Agreements Relating to Sentencing

10. Each party is free to recommend whatever sentence it deems appropriate.

11. It is understood by the parties that the Court is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea as to Count One and Count Two of the superseding indictment.

12. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

13. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability on Count One and Count Two of the superseding indictment in case 19 CR 392.

14. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial

7

civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

15. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to Count One and Count Two of the superseding indictment, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.      If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the superseding indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

        iv.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

        v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

        vi.      At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

        vii.      At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be

9

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    c.    **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial on Count One and Count Two of the superseding indictment and may only appeal the validity of this plea of guilty and the sentence imposed on Count One and Count Two of the superseding indictment. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

16.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

17.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

18.    Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and

shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

19. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the Internal Revenue Service to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the Internal Revenue Service to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

20. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

21. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

22. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

23. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant,

any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

24. Should the Court refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

25. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

26. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _____

_____  _____
signed by Matthew F. Madden on behalf of   DERRICK CLAIBORNE
JOHN R. LAUSCH, JR.   Defendant
United States Attorney

_____  _____
JARED C. JODREY   JAMES G. VANZANT
Assistant U.S. Attorney   ANDREW D. FINKE
   Attorneys for Defendant

13